IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SLOAN & COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-5325 |
| | : | |
| LIBERTY MUTUAL INSURANCE COMPANY | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                      **August   14   , 2008**

Plaintiff Sloan & Company ("Plaintiff") brings this action against Liberty Mutual Insurance Company ("Defendant"), alleging breach of contract. Now before the Court is Defendant's Motion to Dismiss the Complaint, or in the alternative, to stay the action. For the reasons that follow, the Motion will be granted in part and denied in part.

**I.      Background**

On or about September 9, 2004, Shoemaker Construction Company ("Shoemaker"), a construction management services company, contracted with Defendant to insure a construction project known as Waterfront Square Condominiums & Spa (the "Project"). Compl. ¶¶ 5-6. The contract, known as a Payment Bond (hereinafter "Surety Bond"), identified Defendant as "Surety," Shoemaker as "Contractor," and the Isle of Capri Associates, LP as "Owner." Id. at ¶ 7. Shoemaker and Plaintiff subsequently entered into a subcontract (the "Subcontract"), wherein Plaintiff agreed to perform drywall and carpentry work for Shoemaker as part of the Project. Id. at ¶ 10.

Although not signatories to the contract, the Surety Bond defines entities who have

entered into a direct, written subcontract with Shoemaker as "Claimants," and provides for a right of action against Defendant for expenses incurred in the course of the Project. Id. at ¶¶ 13-16. Under the terms of the Surety Bond, Claimant may commence a lawsuit or action "in a court of competent jurisdiction ... within one year from the date (1) on which the Claimant gave the notice required by Subparagraph 4.1 ... or (2) on which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract, whichever of (1) or (2) first occurs." Compl. at ¶ 28.

The Subcontract defines Plaintiff's rights and obligations vis-a-vis Shoemaker as "Contractor" and Liberty Mutual as "Surety." It expressly conditions payment by Shoemaker to Plaintiff on the occurrence of a series of "conditions precedent," including receipt by Shoemaker of a final payment from the Owner, Isle of Capri. See Subcontract, ¶ 6(f).

On or about May 31, 2007, Shoemaker filed an action against Isle of Capri in the Court of Common Pleas of Philadelphia County, alleging that it had substantially completed the work on the Project, but Isle of Capri had failed to pay in violation of the parties' contract. Compl. ¶¶ 17-18. Shortly after Shoemaker sued Isle of Capri, and in fulfillment of the notice requirements of the Surety Bond, Plaintiff provided Defendant with notice of its claims for outstanding amounts due and owing by Shoemaker, and requested payment. Id. ¶ 20. By letter dated July 12, 2007, Defendant denied Plaintiff's claim. Id. ¶¶ 21-22.

**II.     Legal Standard**

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court is required "to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to

the non-moving party." Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). In deciding a 12(b)(6) motion, "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (citations omitted in original) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

**III.   Analysis**

Plaintiff argues that since it has completed performance and complied with all of the Surety Bond's terms and conditions, Defendant must pay its claims. See Compl. ¶ 31. Defendant responds that the Subcontract between Plaintiff and Shoemaker contains express conditions precedent that must be satisfied before Plaintiff becomes entitled to any payment:

> Final payment [to Plaintiff] shall be made within thirty (30) days after the last of the following to occur, the occurrence of all of which shall be **conditions precedent** to such final payment: (1) Subcontractor shall have completed all Work and delivered to Contractor a schedule of all outstanding balances ... (6) **Contractor shall have received final payment from the Owner for the Subcontractor's Work** ... "

Subcontract, ¶ 6(f) (emphases added). Defendant argues that the aforementioned provision, known as a "pay-if-paid" clause, bars any recovery until Shoemaker receives final payment from the Owner, a condition that has not yet occurred. The Subcontract further provides that:

> [I]f within six months of the date that final payment is due and payable to Contractor, Contractor commences a legal proceeding against the Owner ...to resolve its own claim for final payment, **Subcontractor agrees not to pursue its claim against the Contractor or its surety** until the Contractor Dispute

3

Resolution and all appeals thereto are completed and become final.

Id. (emphasis added). Defendant cites this provision in support of its argument that because Shoemaker is currently engaged in litigation with the Owner, Isle of Capri, Plaintiff has, in effect, breached its promise not to pursue legal action against Shoemaker or Defendant, until the litigation is resolved.

Plaintiff contends that the Subcontract expressly permits it to commence the current legal action under certain circumstances:

> [I]f any applicable Surety Bond issued by Contractor contains a limitation period within which the Subcontractor is required to commence suit or arbitration or other dispute resolution proceeding ... and which would expire prior to the completion of the Contractor Dispute Resolution, the **Subcontractor shall be required to commence such [legal action] against the surety within the limitations period** required under the bond, but no more than 60 days prior to the expiration of such period of limitations.

Id. (emphasis added). Because the Surety Bond contains a one-year limitation period for commencement of an action, Plaintiff was not only entitled to, but was required to commence the instant action so as not to forfeit its rights against Defendant.[1] However, this does not end the Court's analysis.

A contract is to be interpreted in a manner which gives meaning to all of its terms when read as an entirety, and phrases are not to be considered in isolation but by a reading in harmony with the rest of the contract. See Contrans, Inc. v. Ryder Truck Rental, Inc., 836 F.2d 163, 169

---

[1] The limitations clause in the Surety Bond provides: "No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in the location in which the work or part of the work is located or after expiration of **one-year** from the date (1) on which the Claimant gave the notice required .... or (2) on which the last labor or service was performed...." Surety Bond, at ¶ 11 (emphasis added).

(3d Cir. 1987); 4th Street Investors LLC v. Dowdell, 2008 WL 163052, at *7 (W.D. Pa. Jan. 15, 2008) ("It is axiomatic that a court should not adopt an interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless."); USX Corp. v. Adriatic Ins. Co., 99 F. Supp. 2d 593, 609 (W.D. Pa. 2000).  Therefore, although facially inconsistent, the provision requiring Plaintiff to commence an action against Defendant within the specific limitations period must be read in conformity with both the pay-if-paid provision and Plaintiff's promise not to pursue legal action against Defendant until after the litigation between Shoemaker and the Owner is resolved.

Defendant argues that Paragraph 6(f) of the Subcontract expressly conditions payment to Plaintiff on the receipt of final payment to Shoemaker, and that as Shoemaker's surety, it can rely upon the "pay-if-paid" defense available to Shoemaker under the Subcontract.  Plaintiff responds that Defendant's obligations toward it as a third-party beneficiary are defined in the Surety Bond, and that there is no language in the Surety Bond conditioning a Claimant's right to compensation on receipt of payment from the Owner.

It is well-established under Pennsylvania law that the liability of a surety is no greater than that of the surety's principal, and that a surety may assert any defense of which his principal could take advantage.  See Exton Drive-In, Inc. v. Home Indem. Co., 261 A.2d 319, 325 (Pa. 1969); Gen. Equip. Mfrs. v. Westfield Ins. Co., 635 A.2d 173, 180 (Pa. Super. Ct. 1993); Superior Precast, Inc. v. Safeco Ins. Co. of America, 71 F. Supp. 2d 438, 452 (E.D. Pa. 1999) ("Under Pennsylvania law, it is axiomatic that the liability of a surety is not greater than that of a principal." (citations omitted)); C. Arena & Co. v. St. Paul Fire and Marine Ins. Co., 1992 WL 368455, at *4 (E.D. Pa. Dec. 3, 1992) ("It is a basic proposition of surety law that the surety is

only liable to the extent of the principal, and is therefore able to raise any defenses available to the principal.").

Although it does not dispute this general principle, Plaintiff cites the Third Circuit's opinion in <u>Knecht v. United Pacific Ins. Co.</u>, 860 F.2d 74, 79 (3d Cir. 1988) for the proposition that a surety bond that provides for direct recovery by a subcontractor creates an "independent liability" to the subcontractor "without regard to the provisions of later subcontracts." <u>Id.</u>  The <u>Knecht</u> decision, however, did not involve a "pay-if-paid" provision that limits the subcontractor's right to recovery or a requirement that any action against the surety must be commenced within a limitations period.

In contrast, the language of the Subcontract at issue here explicitly limits the right of recovery not only against Shoemaker, but against Defendant as well:

> [I]f within six months of the date that final payment is due and payable to Contractor, Contractor commences a legal proceeding against the Owner ... to resolve its own claim for final payment, Subcontractor agrees not to pursue its claim against the Contractor **or its surety** until the Contractor Dispute Resolution and all appeals thereto are completed and become final.

Subcontract, ¶ 6(f) (emphasis added).  In further contrast to <u>Knecht</u>, the Subcontract makes specific reference to the Surety Bond, stating that "if any applicable Surety Bond issued by Contractor contains a limitation period ... the Subcontractor shall be required to commence [legal proceedings] against the surety within the limitations period required under the Bond." <u>Id.</u>

The Court concludes that Plaintiff properly commenced this action against Defendant in compliance with Paragraph 6(f) of the Subcontract.  Accordingly, dismissal of the action would be manifestly unfair and contrary to the obvious intent of the parties.  The Court further concludes that Plaintiff expressly contracted to limit its right to recovery against both Shoemaker

and Defendant until resolution of Shoemaker's litigation against Isle of Capri. Because that litigation is now pending in the Court of Common Pleas of Philadelphia County, and in order to protect Plaintiff's legal claims against Defendant and prevent the expiration of the applicable limitations period, the Court will stay this action pending disposition of the state action. See Dentsply Intern., Inc. v. Kerr Mfg. Co., 734 F. Supp. 656, 658 (D. Del. 1990) (holding that the decision to grant or deny a stay is within the court's broad range of discretionary powers) (citing Bechtel Corp. v. Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976)).

## IV.  Conclusion

For the aforementioned reasons, the Court will deny Liberty Mutual's Motion to Dismiss the Complaint. However, this action shall be stayed pending resolution of Shoemaker's action against Isle of Capri. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SLOAN & COMPANY | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | NO. 07-5325 |
| | : | |
| LIBERTY MUTUAL INSURANCE COMPANY | : : | |

## ORDER

**AND NOW**, this 14TH day of August, 2008, upon consideration of Defendant's Motion to Dismiss the Complaint (docket no. 8), Plaintiff's Opposition (docket no. 11), and all responses thereto, and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion to dismiss is **DENIED**. It is **FURTHER ORDERED** that this matter is **STAYED** until further Order of this Court.

BY THE COURT:

 S/ BRUCE W. KAUFFMAN
**BRUCE W. KAUFFMAN,  J.**